# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

CHARLES A. WINSTON,
ADC # 84733                                                                                              PLAINTIFF

v.                                     2:13CV00104-DPM-JJV

CORIZON MEDICAL SERVICES,
INC.; *et al.*                                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     INTRODUCTION**

Charles A. Winston ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. Now, Defendants have filed two Motions for Summary Judgment, one on behalf of Defendant Kelley, and another on behalf of the remaining Defendants ("Corizon Defendants") (Doc. Nos. 39, 42). Plaintiff has not responded substantively to either Motion within the time allotted.[1] Both Motions are now ripe for disposition.

**II.    BACKGROUND**

In March 2010, Plaintiff was seen by Dr. Hughes for a fungus on his toenails (Doc. No. 44 ¶ 5-6). Dr. Hughes removed the toenails from Plaintiff's left and right great toes (*Id.*) and prescribed "griseofulvin" for thirty days with two refills (Doc. No. 40 ¶ 3). Plaintiff received refills on April

---

[1] On August 4, 2014, after the period allotted for Plaintiff's responses had expired, Plaintiff filed a short Response to Motions for Summary Judgment ("Response") (Doc. No. 49) stating the folder containing his legal documents was destroyed by two correctional officers. As a result, Plaintiff argues he is now unable to adequately respond to the pending Motions for Summary Judgment (*Id.* at 1-2).

2

14, 2010, and May 5, 2010 (Doc. No. 5 at 5). The prescription expired on June 9, 2010 (Doc. No. 39 ¶ 3).

After the prescription expired, Plaintiff complained to APN Campbell concerning his lack of medication (Doc. No. 40 ¶ 4). She referred him to Dr. Hughes (Doc. No. 44 ¶ 9). Hughes examined Plaintiff and judged there was no medical basis for continuing the prescription (*Id*. ¶ 10).

Plaintiff then filed a number of grievances complaining of his lack of griseofulvin and the perceived inadequacies of Defendants' responses to his complaints (Doc. Nos. 39-3-39-8). Ms. Stell, Health Services Administrator, provided an initial response to all but one of those grievances (Doc. Nos. 39-3-39-6, 39-8). Ms. Kelley, Deputy Director for Health and Correctional Programs, responded to each of Plaintiff's grievance appeals (Doc. Nos. 39-3-39-8). All grievances concerning his lack of griseofulvin were found to be without merit and denied (*Id*.).

Plaintiff brought this suit alleging deliberate indifference against each of the Defendants. He alleges that Hughes and Campbell were deliberately indifferent in refusing to order a continuation of griseofulvin (Doc. No. 5 at 2). He alleges that Stell and Kelley were made aware of his alleged lack of treatment by grievance, but refused to take corrective action (Id. at 6). Finally, he alleges that Corizon Medical Services, Inc. established a practice of denying him treatment (*Id*. at 4).

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

IV.   ANALYSIS

Per their Motions, Defendants argue that all claims against them should be dismissed. After careful review, and for the reasons stated below, the Court finds that both Motions should be granted.

   A.   **Defendant Kelley**

      1.   Official Capacity Claims

Ms. Kelley argues that, to the extent Plaintiff seeks money damages against her, those claims are barred by the doctrine of sovereign immunity. The Court agrees. It is well established that a claim for damages against a state or municipal official in their official capacity is akin to a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suable "person" under 42 U.S.C. § 1983 does not include a state, a state agency, or a state official sued in their official capacity for damages. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989). It is undisputed that Kelley is a state official and, accordingly, Plaintiff's claims against her for damages in her official capacity are barred.

2.     Qualified Immunity

Next, Ms. Kelley argues that she is entitled to qualified immunity owing to Plaintiff's inability to state a constitutional violation against her. Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Pursuant to her affidavit, Kelley states that she has never provided medical care to Plaintiff,

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

5

nor is she licensed to do so (Doc. No. 39-1 ¶ 5-6). Rather, her interaction with Plaintiff was limited to responding to his grievances (*Id.* ¶ 7). Plaintiff's deposition testimony confirms that his claims against Kelley are related solely to her grievance findings (Doc. No. 39-9 at 3). It is well established that grievance denials, standing alone, do not give rise to substantive constitutional claims. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Accordingly, the Court concludes that no reasonable fact finder could determine that Kelley violated Plaintiff's constitutional or statutory rights. Plaintiff's claims against Kelley are appropriate for dismissal.

    **B.**    **Defendants Hughes, Campbell, Stell, and Corizon Medical Services, Inc.**

The Corizon Defendants argue that all claims against them should be dismissed due to Plaintiff's failure to provide any evidence that they were deliberately indifferent to his serious medical needs. The Court agrees.

The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

1. Defendant Hughes

Pursuant to his affidavit, Dr. Hughes states it was his medical judgment that, after the prescription expired, continuation of the medication was unwarranted (Doc. No. 44-1 at 2). He notes that the medication can negatively affect a patient's bone marrow and possesses risks which can outweigh its benefits (*Id*.). Hughes also explains that Dr. Roland Anderson, Corizon's Regional Medical Director, made the decision not to treat toenail fungus with antifungal medications due to their risk and general ineffectiveness (*Id*.).

Based on the foregoing, the Court concludes that Plaintiff has failed to provide any evidence that Dr. Hughes's treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference. Rather, Plaintiff's allegations amount only to unsubstantiated disagreements with Hughes's treatment. As noted above, a showing of deliberate indifference requires more than disagreement with a provider's treatment decisions. *Gibson*, 433 F.3d 642, 646. Accordingly, Plaintiff's allegations against Hughes should be dismissed.

2. Defendant Campbell

APN Campbell refused to provide Plaintiff with his desired medication and instead referred him to Dr. Hughes (Doc. No. 44 ¶ 9). As there is no claim for deliberate indifference against

Hughes, it necessarily follows that such a claim must fail as to Campbell. Moreover, the Court cannot conclude that Campbell's decision to refer Plaintiff to the physician who prescribed his medication, rather than decide herself whether further prescription was warranted, was deliberately indifferent. The claims against Campbell should be dismissed.

### 3. Defendant Stell

Dr. Hughes's affidavit states that Ms. Stell was not a medical provider and had no authority to prescribe medication (Doc. 44-1 at 2). Plaintiff alleges only that he made Stell aware of the denial of his prescription by grievance, and she refused to order his treatment (Doc. No. 5 at 6). As noted above, there is no viable constitutional claim for denial of a grievance. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). The Court concludes that all claims against Stell should be dismissed.

### 4. Defendant Corizon Medical Services, Inc.

A corporation acting under color of state law will be held responsible only for its own unconstitutional polices. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Per his Complaint, Plaintiff alleges that Corizon has an established practice of denying him treatment (Doc. No. 5 at 4). As the decision to stop Plaintiff's medication was not deliberate indifference, any claim brought against Corizon on that basis necessarily fails. If such a policy does exist, it did not violate Plaintiff's constitutional rights in the instant case. Plaintiff's claims against Corizon should be dismissed.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motions for Summary Judgment (Doc. Nos. 39, 42) be GRANTED;

2. The Complaint be dismissed with prejudice;

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma*

8

*pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

    IT IS SO RECOMMENDED this 11th day of August, 2014.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE